UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREA GARRIGUS and
ROBERT GARRIGUS,

        Plaintiffs,      CASE NO.:

vs.

DOLLAR TREE STORES, INC.,

        Defendant.
_____

## NOTICE OF REMOVAL

Defendant, DOLLAR TREE STORES, INC., (hereinafter "Dollar Tree") hereby gives notice of Removal of the above captioned action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Jacksonville Division, and respectfully represent as follows:

1. On or about August 25, 2020, a Complaint was served on Defendants. The civil action entitled *ANDREA GARRIGUS AND ROBERT GARRIGUS v. DOLLAR TREE STORES, INC.*, was commenced in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, and assigned Case number 16-2020-CA-004728-XXXX-MA. This action was filed in the Duval County Circuit Court on August 20, 2020. (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as Exhibit "A").

2. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3. There is complete diversity of citizenship between the parties to this cause. Plaintiff is a citizen of the State of Florida. Defendant Dollar Tree is a foreign company

duly organized as a corporation under the law of the Commonwealth of Virginia and has its principle place of business in Virginia. See Exhibit "B." Under 28 U.S.C.A § 1332(c), a foreign corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principle place of business." *See also*, Riley v. Merrill Lynch, Pierce, Fenner and Smith, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant Dollar Tree is a citizen of Virginia.

5. This is a purported negligence action brought by the Plaintiff against the Defendant. As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $30,000.00. (See Complaint, paragraph 1). Further, Ms. Garrigus alleges in the Complaint that she was injured as a result of Defendant's negligent maintenance of its premises, which caused her to trip and fall, and that she has suffered damages including, without limitation;

    a. Permanent and serious physical injury

    b. Pain and suffering

    c. Mental pain and suffering

    d. Loss of capacity for the enjoyment of life

    e. Disfigurement and scarring

    f. Medical care and treatment

    g. Aggravation of a pre-existing condition

    h. Medical expenses

(See Complaint, paragraph 13)

6. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Gillinov v. Hillstone Restaurant

Group, Inc., 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015).  The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." Gillinov v. Hillstone Restaurant Group, Inc., 92 F. Supp. 3d at 1254-1255; *but see* Clifford v. BJ's Wholesale Club, Inc., 2016 LEXIS 147614 (S.D. Fla. 2016).  In addition, the claimed need for ongoing medical treatment can be taken into account when determining the amount in controversy.  See, La Rocca v. Stahlheber, 676 F.Supp.2d 1347 at 1350 (S.D. Fla. 2009).

7. Mrs. Garrigus contends that her losses are permanent or continuing in nature. Correspondence, medical records, and bills received to date indicate that Ms. Garrigus sustained injuries to her head, neck, upper back, low back, left arm, left elbow, and right hop for which she with injections and eventual surgery.  Mrs. Garrigus alleges she will require follow-up treatment. She was treated by several doctors for her injuries and will continue to treat for these injuries in the future.  Mrs. Garrgius' medical bills to date exceed the amount in controversy.  As referenced in her pre-suit settlement demand, her medical bills total $114,940.12.  See Exhibit "C." The settlement demand is detailed and specific and contains approximately 310 pages of medical records outlining the medical treatment she alleges as a result of the subject incident.  Since plaintiff's medical bills, pre-suit, are more than the amount required to be in controversy for diversity cases, and alleges further damages into the future, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C.1332(a) of $75,000.00, exclusive of interest and costs.

8. Since the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C §1332. As such, this removal action is proper.

9. Defendant has served the instant Notice of Removal on Plaintiff's counsel. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Fourth Judicial Circuit.

10. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Fourth Judicial Circuit in and for Duval County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: September 14, 2020.

/s/ Steven L. Worley
Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Secondary Email: eparker@carrallison.com
Secondary Email: cdodd@carrallison.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on September 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

  Khalil Farah, Esquire
  FARAH & FARAH, P.A.
  10 West Adams Street
  Jacksonville, FL 32202
  Telephone: (904) 862-2512
  Email:  kfarah@farahandfarah.com
  Secondary Email: ysanchez@farahandfarah.com
  *Attorney for Plaintiff*

            /s/ Steven L. Worley
            Steven L. Worley
            *Attorney for Defendant*